**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-6362

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID IVORY AUSTIN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Margaret B. Seymour, District
Judge.  (CR-98-469; CA-02-411-24-6)

_____

Submitted:  July 23, 2004          Decided:  September 10, 2004

_____

Before LUTTIG, KING, and GREGORY, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

David Ivory Austin, Appellant Pro Se.  Alan Lance Crick, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

David Ivory Austin seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the appeal was not timely filed.

Federal Rule of Appellate Procedure 3 conditions federal appellate jurisdiction on the filing of a timely notice of appeal. When the United States is a party, a notice of appeal must be filed no more than sixty days after entry of the district court's judgment, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 267 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on December 24, 2003. The notice of appeal was filed on February 24, 2004, or the sixty-first day after the district court's order was entered.[*] Because Austin failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date the notice could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
